UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| RANDY LARSEN,          ) | |
| ) | |
| Plaintiff,       ) | 3:04-CV-00263 JWS |
| ) | |
| vs.          ) | ORDER AND OPINION |
| ) | |
| ) | [Re: Motion at Docket 119] |
| ROCHE LABORATORIES, INC.,  ) | |
| DAVID POLEI, *et al.*,     ) | |
| ) | |
| Defendants.      ) | |
| _____) | |

## I.  MOTION PRESENTED

At docket 119, defendants Roche Laboratories, Inc., and David Polei (jointly

"defendants") move to strike paragraphs 28 and 29 of the Affidavit of Randy Larsen.[1]

Plaintiff Randy Larsen opposes the motion at docket 124.  Defendants' reply is filed at

docket 125.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

This action arises out of an employment dispute.  Plaintiff Randy Larsen began

his employment with defendant Roche Laboratories in 1997.  Defendant David Polei

---

[1]Doc. 111, exh. 1.

was Larsen's supervisor from July 2001 until Larsen's termination in January 2003.  In

December 2003, Larsen filed a complaint in the Superior Court of the State of Arizona,

alleging claims of wrongful termination in violation of A.R.S. § 23-1501(3)(c)(ii),

intentional infliction of emotional distress, violation of the Consolidated Omnibus Budget

Reconciliation Act of 1985, and intentional interference with a contractual relationship.

Defendants removed this matter to federal court on the basis of diversity of citizenship

pursuant to 28 U.S.C. § 1332.

At docket 98, defendants filed a motion requesting partial summary judgment

dismissing plaintiff's claims for wrongful termination, intentional infliction of emotional

distress, and intentional interference with contract.  Defendants now request the court to

strike paragraphs 28 and 29 of the Affidavit of Randy Larsen attached to Plaintiff's

Controverting and Separate Statement of Facts in Support of Plaintiff's Response to

Defendants' Motion for Summary Judgment.[2]

Paragraphs 28 and 29 of plaintiff's affidavit state as follows:

28.  I waited for management to respond to my grievance and my emails
concerning Mr. Polei deleting my six pages from the completed mid-year PMP,
but nothing happened.  I never saw the integrated PMP that Ms. Vontver had
prepared and emailed to Ms. Harac on September 30, 2002.  No one had directly
addressed the complaints that I had raised in my grievance of August 29, 2002 or
in the subsequent concerns I had raised concerning Mr. Polei's manipulation of
my PMP.

29.  Frustrated by management's failure to address my concerns, I emailed
Steven Engelhardt, National Sales Director, Lynn Harac, Jacque Vontver, and
David Polei on October 27, 2002 and reported my concerns that Mr. Polei may
have violated the law and had misrepresented my performance by deleting
information from my PMP.  A true and correct copy of that email, Bates Stamped
No. Roche/00217, is attached to Plaintiff's Controverting and Separate Statement

---

[2]Doc. 111, exh. 1.

of Facts in Support of Plaintiff's Response in Opposition to the Defendants' Motion for Summary Judgment as Exhibit 61.[3]

## III.  DISCUSSION

Defendants argue that paragraphs 28 and 29 of plaintiff's affidavit should be stricken as "sham" because they were "[o]bviously prepared for the sole purpose of defeating summary judgment."[4]  Defendants further allege that paragraphs 28 and 29 directly contradict plaintiff's prior "record admissions," namely plaintiff's e-mail dated October 27, 2002, and portions of plaintiff's deposition.[5]

As a general rule, "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."[6]  However, the *Foster-Radobenko* rule "does not automatically dispose of every case in which a contradictory affidavit is introduced to explain portions of earlier deposition testimony."[7] Rather, the court must make a finding of fact that the affidavit was a "sham" generated solely to create an issue of fact and avoid summary judgment.[8]

 "The *Foster-Radobenko* rule applies to conflicts between affidavits and interrogatory responses as well as deposition testimony."  As such, the rule does not

---

[3]Doc. 111, exh. 1 at 8.

[4]Doc. 119 at 1-2.

[5]Doc. 119 at 2.

[6]*Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (citing *Foster v. Arcata Associates*, 772 F.2d 1453, 1462 (9th Cir. 1985), *cert. denied*, 475 U.S. 1048 (1986); *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543-44 (9th Cir. 1975)).

[7]*Id.* at 266-67.

[8]*Id.* at 267; *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).

apply to the alleged conflicts between plaintiff's October 2002 e-mail and plaintiff's deposition testimony.[9]  Moreover, the court notes that plaintiff's October 2002 e-mail was sent long before plaintiff filed his complaint and defendants filed their motion for summary judgment.

The court next considers whether paragraphs 28 and 29 of plaintiff's affidavit are "sham" testimony that flatly contradict plaintiff's earlier deposition testimony. Defendants argue that plaintiff's affidavit testimony that no one directly addressed the complaints plaintiff raised in his August 2002 grievance or the concerns plaintiff subsequently raised about Polei's manipulation of his Performance Management Plan ("PMP") contradicts plaintiff's deposition testimony that in September 2002, Jacque Vontver, the Regional Sales Director, agreed to cut and paste plaintiff's comments into his PMP and submit them to Polei for his approval.  Plaintiff argues that his affidavit testimony does not contradict his deposition testimony because "Ms. Vontver's offer that she would put a band aid on the problem simply by merging the two PMPs into a single document, subject to Mr. Polei's approval, did nothing to address the underlying controversy over Mr. Polei's actions or the subject matter of Mr. Larsen's August 29, 2002 grievance."[10]  Based on the above, the court finds that plaintiff's affidavit testimony is not a "sham" which directly contradicts plaintiff's earlier testimony, but rather is an attempt to explain certain portions of his deposition testimony.

---

[9]*Multnomah County*, 5 F.3d at 1264.

[10]Doc. 124 at 5-6.

## IV.  CONCLUSION

For the reasons set out above, defendants' motion to strike at docket 119 is

**DENIED**.

DATED at Anchorage, Alaska, this 16th day of August 2006.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE